UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-258 (DWF/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| Brandon Earl Koetz, | |
| Defendant. | |

Brandon Earl Koetz filed a Motion for Determination of Competence. [ECF No. 35]. The Court held a hearing on the motion on December 2, 2021. With the agreement of the parties, the Court will grant the motion in part and deny it in part without prejudice. In addition, the Court will exclude time from the Speedy Trial Act calculations in this matter, as described below.

## I.   Background

Mr. Koetz is charged with Attempted Production of Child Pornography and other serious related offenses. [ECF No. 1]. He also suffers from a constellation of significant cognitive and mental health issues that appear to have relevance to these charges. [*E.g.*, ECF Nos. 30, 33, 35, 37]. As a result of the unique issues in this case, counsel for Mr. Koetz and counsel for the government have worked together cooperatively for many months in an effort to evaluate various possible resolutions to the pending criminal case. In addition, Mr. Koetz's impairments have required his counsel to retain the services of an expert, Dr. Andrea Lovett. And his impairments have required his attorney to spend more time with him and more time preparing his case than is usual.

As a result of these issues, the Court has granted several continuances of the deadline for Mr. Koetz to file pretrial motions in this matter. [ECF Nos. 27, 31, 34]. At the final deadline for such motions, rather than file traditional pretrial discovery motions or motions to suppress, Mr. Koetz's counsel file a sealed Motion for Determination of Competence pursuant to 18 U.S.C.

§ 4241. [ECF No. 35]. In that motion, Mr. Koetz asked the Court to order two evaluations. First, he sought an evaluation by a doctor employed by the Bureau of Prisons, as contemplated by 18 U.S.C. § 4247(b). He also asked the Court to appoint Dr. Lovett to evaluate Mr. Koetz for competence as an independent examiner under the same provision. The government did not oppose either of these requests.

At the hearing, it became clear that the parties are working together to consider a possible civil commitment for Mr. Koetz, which might resolve the pending criminal charges entirely. However, they must first determine whether he is competent to participate in the proceedings that might be required for this path to be pursued. Therefore, both parties agree that a competence evaluation is needed. In addition, both parties agree that it would be preferable for the necessary evaluation to occur as swiftly as possible.

**II.     Analysis**

Following discussion with counsel at the hearing, the Court finds that Mr. Koetz's unique constellation of impairments raises meaningful questions about his competence that must be answered before any further action can be taken in this case. Therefore, the Court agrees that a competence evaluation is needed, and to this extent, the motion is granted.

However, also following extensive discussions at the hearing and subsequent communications with counsel, the Court determines that the best way to proceed in this matter is in two steps. First, Mr. Koetz will retain Dr. Lovett to evaluate Mr. Koetz for competence under the relevant statutory provisions. Counsel for Mr. Koetz will seek approval through the Criminal Justice Act voucher process for any additional funds that are required to complete this assessment. Although Dr. Lovett has already evaluated Mr. Koetz, she has not conducted the specific inquiry contemplated by 18 U.S.C. § 4241(a). If necessary, following the parties' and the Court's review of Dr. Lovett's assessment, the Court will consider whether an additional competence assessment,

performed through the BOP, is necessary. If Dr. Lovett determines that Mr. Koetz is competent, and neither the parties nor the Court harbor doubts about that assessment, no further evaluation will be needed. However, if there is uncertainty following Dr. Lovett's review, or if either party or the Court believes that an additional assessment is required, the Court will order a second evaluation to be conducted by the BOP.

This approach has a few advantages over engaging in two evaluations either at the same time, or with the BOP assessment going first. First, this is likely the fastest way to achieve a final resolution of this case. Dr. Lovett already has substantial familiarity with Mr. Koetz and should be able to evaluate him promptly. In contrast, if the evaluation were ordered by the BOP, the process could take several months, and perhaps even longer with restrictions related to the pandemic in place at most institutions. The delay would be exacerbated by the need for Mr. Koetz to be designated, transported, evaluated, and returned to the district. And Dr. Lovett would likely be unable to complete her assessment until after he had come back from the evaluating institution, adding even more delay. Second, this is more cost effective than proceeding with both evaluations at the same time. The considerable expense of transporting Mr. Koetz back and forth can be obviated if Dr. Lovett's assessment is sufficient. Finally, if this approach is successful, it will prevent Mr. Koetz, who appears to suffer from multiple serious impairments, from needing to relocate back and forth to an evaluating institution, and likely to multiple transit jails during the transportation process.

### III.     Order

Accordingly, for the reasons stated above, the Court enters the following **ORDER**:

1. Brandon Koetz's Motion for Determination of Competence [ECF No. 35] is granted in part and denied in part, as discussed above.

2. Counsel for Mr. Koetz will arrange to have him evaluated by Dr. Andrea Lovett as soon as possible, for a determination of whether he is competent under 18 U.S.C. § 4241.

3. The time required for completion of the evaluation and a hearing, if required, is hereby excluded from calculations in this matter under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A). The Speedy Trial Act specifically provides for the exclusion from the Act's requirements of "delay resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant." *Id.* The Court finds that exclusion of the time between the filing of Mr. Koetz's motion [ECF No. 35] through a resolution of this issue following a hearing, if required, is in the interests of justice and specifically contemplated by the Speedy Trial Act.

**IT IS SO ORDERED.**

Date: December 7, 2021

                                                         *s/Katherine Menendez*
                                                        Katherine Menendez
                                                        United States Magistrate Judge