UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Brandon Earl Koetz,<br><br>  Defendant. | Case No. 20-cr-258 (DWF/DTS)<br><br>**REPORT AND RECOMMENDATION** |

Defendant Brandon Earl Koetz is charged with possession and attempted production of child pornography and attempted enticement of a minor. He moves to suppress physical evidence obtained pursuant to a search warrant for his person and residence. Dkt. No. 56. Koetz seeks a "four corners" review of the warrant, contending it lacked probable cause. *Id.* ¶ 1. The Court finds ample probable cause existed to authorize the search and thus recommends Koetz's motion be denied.

**FINDINGS OF FACT**

On October 6, 2020 Special Agent Bobbi Jo Pazdernik of the Minnesota Bureau of Criminal Apprehension (BCA) applied for a warrant to search Koetz's person and residence, including authority to forensically examine all digital evidence seized. Applic.1-2, 11.[1] Agent Pazdernik is assigned to the Predatory Crimes Section (PCS) Unit and the Minnesota Human Trafficking Investigators Task Force (MNHITF). *Id.* at 3. She has several years' experience investigating felony level crimes including human trafficking and crimes against children. *Id.* In her experience, persons who are sexually attracted to

---

[1] The 11-page application and 4-page warrant are both included in Defense Exhibit A at Docket No. 56-1 (under seal).

children use computers and the Internet to view images of children; to interact with them; and to find like-minded persons to discuss their desires toward children and exchange images and videos. *Id.* at 9. They also tend to store sexually-explicit images and/or videos on their computers, cell phones, and other digital devices, which are often password-protected or encrypted. They keep their collections close by, usually in their residence, vehicle, or on their person. *Id.* at 9-10.

The warrant application states that an individual (the "reporting individual") contacted Agent Pazdernik to report that messages had been received on her 10-year-old daughter's Instagram page from "Brandon" who said he was a 33-year-old man from Minnesota. *Id.* at 4. "Brandon" had also sent a facial photo. *Id.* Agent Pazdernik reviewed screen shots from the Instagram conversations and observed that "Brandon" was clearly told he was communicating with a 10-year-old child. *Id.* She sent the information to a MNHTIF analyst, who identified Koetz as "Brandon" by comparing "Brandon's" photo to Koetz's photo on file with Motor Vehicle Services (MVS) and photos attached to his Predatory Offender Registration. *Id.*

At Agent Pazdernik's direction the reporting individual provided "Brandon" with an undercover cell phone number. *Id.* Using the persona of the 10-year-old girl, Agent Pazdernik engaged in numerous text message conversations with "Brandon" from August 28 to October 2, 2020. *Id.* at 4-8. The application describes and quotes sexually explicit conversations and requests from "Brandon" during these undercover communications. *Id.*

Koetz's residential address was listed on his MVS photo identification card and his sex offender registration file. *Id.* at 8. Agent Pazdernik visited the premises and saw Koetz's name listed for apartment #1. *Id.* She also spoke with the owner of the facility who confirmed that Koetz was the sole resident in apartment #1 and had cable and

Internet service there. *Id.* The BCA served administrative subpoenas on Comcast Cable, Instagram, and Microsoft. The records they produced identified Koetz as the subscriber for the cable and Internet service (and listed his address as the service address); the owner of the Instagram account that had been communicating with the 10-year-old girl; and the owner of the registered email address that was listed on the Instagram account. *Id.* at 8-9. The same IP address was linked to all three accounts. *Id.* at 9.

Based on this information, a Hennepin County District Court judge authorized the search of Koetz's person and residence and further authorized the forensic examination of all digital evidence seized. Warrant 1-4.

## CONCLUSIONS OF LAW

Koetz asserts generally that the search warrant was not supported by probable cause, but he does not identify any facts or allege any particular deficiencies in the warrant. *See* Motion, Dkt. No. 56. He did not submit a memorandum of law to support the motion or ask for a hearing. Rather, the motion seeks a "four corners" review of the warrant. *Id.* ¶ 1.[2]

A search warrant is supported by probable cause if, based on the totality of the circumstances set forth in the application and affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Judges may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a search warrant. *United States v. Alexander*, 574 F.3d 484, 490 (8th Cir. 2009). The duty of a reviewing

---

[2] The motion also asserts that the search warrant was "executed in an illegal and unlawful manner, and not in good faith" but it does not provide any facts regarding how or when the warrant was executed. Motion ¶ 1, Dkt. No. 56.

3

court is simply to ensure that the court issuing the warrant had a substantial basis for concluding that probable cause existed. *Gates*, 462 U.S. at 238-39.

The warrant application and sworn statement of Agent Pazdernik provided the issuing court with sufficient probable cause to issue the search warrant for Koetz's person and residence, including authorization for forensic analysis of all digital evidence seized. Law enforcement used MVS and sex offender registration records to identify Koetz as "Brandon" and learn his current address. Agent Pazdernik confirmed the identification by visiting the address, seeing his name listed for apartment #1, and talking to the owner of the facility. Subpoenaed records confirmed the Internet service, Instagram account, email address, and IP address associated with Koetz and his apartment. The information from the reporting individual was corroborated by Agent Pazdernik, who viewed screen shots of the past Instagram conversations between "Brandon" and the 10-year-old girl, and who engaged in undercover text conversations with him for over a month. Agent Pazdernik's sworn application provides a substantial basis to conclude that probable cause existed to issue the search warrant. Thus, Koetz's four-corners challenge fails, and there is no basis to suppress any evidence seized pursuant to the warrant.

## RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS THAT Defendant Brandon Earl Koetz's Motion for Suppression of Evidence Obtained by Search and Seizure [Dkt. No. 56] be DENIED.

Dated: June 24, 2022                                s/David T. Schultz        
                                                                   DAVID T. SCHULTZ
                                                                   U.S. Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).